UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                              Plaintiff,<br><br>           -vs.-<br><br>JOHN DOE subscriber assigned IP address 24.104.252.172,<br><br>                              Defendant. | 18 CV 2648 (VEC)<br><br>**DECLARATION OF RANDALL L. RASEY** |

      RANDALL L. RASEY, an attorney admitted to practice before the Courts of the State of New York and the Southern District of New York, avers as follows:

      1.      I am a partner of Barton LLP, attorneys for the "John Doe" defendant in this action, and make this declaration based on my knowledge gained through my work on this action and review of the litigation papers and case file, in support of defendant's motion to quash the subpoena issued by plaintiff Strike 3 Holdings, LLC ("Strike 3") to Charter Communications, Inc./Spectrum dated June 29, 2018 (the "Subpoena"), by which Strike 3 seeks disclosure of the true identity of defendant.

      2.      Strike 3, which is in the business of producing and distributing pornographic movies, alleges that the Internet Protocol ("IP") address identified in the caption above has been used for sharing unauthorized copies of its pornographic movies, and on that basis alone contends the person to whom that IP address was assigned is liable for infringing Strike 3's copyrights in its movies.

      3.      On that same basis, Strike 3 has filed hundreds if not thousands of substantially identical lawsuits against "John Doe" defendants in federal courts across the country, in each case asking the court for leave to subpoena the relevant Internet Service Provider ("ISP") for the

"John Doe" defendant's true identity.  Although Strike 3 has used multiple laws firms to file its "John Doe" lawsuits, the pleadings and other papers filed in each case are substantially identical, and appear to be based on interchangeable form documents.

4.	Indeed, in this action and in every other Strike 3 "John Doe" lawsuit for which we have reviewed the motion papers, Strike 3 has supported its motions with substantially identical declarations from the same three individuals who apparently conduct all of Strike 3's investigations: Tobias Fieser, of the German cyber-investigation company IPP International UG ("IPP"); John S. Pasquale, of 7 River Systems, LLC, a cyber security firm in Maryland; and Susan B. Stalzer, who avers that she works directly for Strike 3.  As Mr. Fieser acknowledges, he and IPP previously performed investigative services and provided testimony for another pornographic movie company, Malibu Media, LLC, in thousands of "John Doe" copyright infringement lawsuits filed by that company.  *See* Declaration of Tobias Fieser dated April 10, 2018 (Docket No. 7-2), at ¶ 6.

5.	The "John Doe" defendant whom we represent in this case denies that it infringed Strike 3's copyrights, and does not want its privacy violated and its name and address disclosed to a pornography company, notwithstanding this Court's protective order.  As discussed in the accompanying memorandum of law, Strike 3 has not alleged or provided evidence sufficient to support any plausible claim of infringement by the individual defendant in this action, and therefore is not entitled to discovery of defendant's identity.

### *Strike 3's "John Doe" Litigation Strategy*

6.	Based on our review of the dockets of several Strike 3 "John Doe" cases filed in various district courts around the country, it appears that once Strike 3 obtains an *ex parte* order and is able to subpoena the John Doe's true identity from the relevant ISP, Strike 3 nearly always

voluntarily dismisses its complaint within a short time thereafter.  While it is usually not possible to discern the reason for the voluntarily dismissal from the case file, it would seem likely that once an individual "John Doe" is notified by his or her ISP that Strike 3 is suing the individual for infringing its copyrights in its pornographic movies and is demanding disclosure of the individual's true identity, either the individual quickly settles with Strike 3 to avoid becoming embroiled in a pornography lawsuit, or Strike 3 quickly determines that it cannot easily obtain monetary damages from that defendant and decides to drop the case.

7. On April 23, 2018, Strike 3 filed a Notice of Related Cases in this action (Docket No. 8) listing 62 other "John Doe" lawsuits filed by Strike 3 in this district alone.  One such case is currently pending before this Court, *Strike 3 Holdings, Inc. v. John Doe subscriber assigned IP address 209.122.239.174*, Case No. 1:18-CV-01576 (VEC).  Notably, even though Strike 3 is represented by a different law firm in that case, Fox Rothschild LLP, the pleadings and other papers filed in that case are virtually identical to those filed by Strike 3's attorney in this case, Jacqueline M. James of The James Law Firm PLLC.

8. In order to get a better understanding of Strike 3's strategy in its "John Doe" lawsuits, our office reviewed the PACER records of each of the other 62 "John Doe" actions filed in this district listed in Strike 3's Notice of Related Cases, to determine whether and how they are being resolved.  The results of our survey are set forth in a spreadsheet annexed hereto as Exhibit A.  As shown, of the 62 "John Doe" lawsuits in this district, 55 cases were terminated following Strike 3's filing of either a notice of settlement or a notice of voluntary dismissal. Notably, Strike 3 filed an affidavit or waiver of service on the defendant in only four of those cases, indicating how effective the mere service of Strike 3's subpoena on the ISP is in persuading the defendant to reach a quick resolution.

9. Of the seven cases still pending in this district, four have been extended to give Strike 3 additional time to accommodate the subpoena process (including the case filed by Fox Rothschild pending in this Court), in one a certificate of default has been filed, and in another one a settlement conference is scheduled. In the seventh still-pending case, the "John Doe" defendant filed a motion *pro se* to quash Strike 3's subpoena after the ISP had already complied with it, which does not appear to have been disposed yet.

10. It appears that no "John Doe" defendant sued by Strike 3 in this district has filed a timely motion to quash Strike 3's subpoena to discover her or his true identity from the ISP, until this action.

### *A Recent Strike 3 "John Doe" Lawsuit in the Western District of Washington*

11. A "John Doe" lawsuit filed by Strike 3 in 2017 in the Western District of Washington, *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 73.225.38.130*, Case No. 17-CV-01731, provides a rare example of what happens when a "John Doe" defendant chooses to challenge Strike 3's claims rather than acquiesce to a quick settlement. In that case, Strike 3 submitted declarations from Mr. Tobias, Mr. Pasquale, and Ms. Stalzer, substantially identical in form and substance to their declarations filed in this action, in support of its motion for leave to subpoena the defendant's identify from the ISP. A true copy of the Docket Report for that case obtained from PACER (cited herein as "WDW Docket"), is annexed hereto as Exhibit B.

12. In that case, the "John Doe" defendant appeared through counsel after the ISP had already responded to Strike 3's subpoena. The defendant asserted counterclaims against Strike 3, and at the same time moved for a more definite statement or dismissal of Strike 3's complaint. *See* WDW Docket Nos. 21, 22. In its motion, the defendant challenged the sufficiency and

accuracy of Strike 3's claimed evidence of infringement. In particular, the defendant provided compelling evidence that Strike 3's purported investigative employee, Susan Stalzer, is actually a professional real estate agent who lives and works in the Chicago area, far from Strike 3's place of business in Studio City, California, with no apparent investigative expertise or qualifications. A true copy of the defendant's evidence regarding Ms. Stalzer, including the declaration of its investigator David A. Jackson II, WDW Docket Nos. 21-23 and 21-24, is annexed hereto as Exhibit C.[1]

13.  The district court in that case granted the portion of the "John Doe" defendant's motion seeking a more definite statement. A true copy of the court's Minute Order dated June 6, 2018 (cited hereinafter as "Minute Order"), WDW Docket No. 36, is annexed hereto as Exhibit D. The court found that Strike 3's complaint failed to "'give the defendant fair notice of what the … claim is and the grounds upon which it rests'", quoting *Bell Atlantic Corp. v. Twombly*, 660 U.S. 544, 555 (2007). Minute Order, at 2. Among other reasons, the court stated that it was "unpersuaded that plaintiff has alleged a sufficient link between defendant and the IP address at issue, which might have been spoofed, used without the defendant's knowledge or consent, or otherwise falsely implicated." *Id.*, at 3.

14.  Strike 3 then served an amended complaint (WDW Docket No. 43), in response to which the defendant moved again for a more definite statement (WDW Docket No. 44). A few weeks later, the defendant moved to compel discovery from Strike 3, which apparently had failed to produce anything in response to the defendants' discovery demands (WDW Docket No. 51). On August 24, 2018, around two weeks after the defendant moved to compel, Strike 3 filed a

---

[1]  Portions of an exhibit to the declaration which appear to include personal information of non-parties have been omitted from Exhibit C hereto.

Notice of Voluntary Dismissal of its case (WDW Docket No. 53). But the "John Doe" defendant did not dismiss its counterclaims against Strike 3, and it appears that the action remains active.

### *Conclusion*

15. For the foregoing reasons, and for the reasons stated in the accompanying Memorandum of Law, I respectfully submit that Strike 3 has not stated a plausible claim against the "John Doe" defendant in this case, and is not entitled to discover the defendant's true identity. Therefore, Strike 3's subpoena to defendant's ISP should be quashed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 26, 2018, at New York, New York.

_____
Randall L. Rasey