**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------X
                                                    :
STRIKE 3 HOLDINGS, LLC,                             :
                                                    :        Case No. 1:18-cv-02648-VEC
                          Plaintiff,                :
                                                    :
              vs.                                   :
                                                    :
                                                    :
JOHN DOE subscriber assigned IP address            :
24.104.252.172,                                     :
                                                    :
                          Defendant.                :
-----------------------------------------------------------------X
```

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JOHN DOE'S MOTION TO QUASH SUBPOENA

Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") respectfully submits this opposition to the Motion to Quash Plaintiff's Third-Party Subpoena issued upon Defendant's Internet Service Provider ("ISP"), Spectrum, that was filed by Defendant John Doe ("Defendant").

### I.    INTRODUCTION

In this BitTorrent copyright infringement action, Plaintiff cannot identify and serve Defendant without the information subpoenaed from his ISP. [*See generally* CM/ECF 7]. The circumstances of BitTorrent infringement are unique in civil litigation. "BitTorrent users are essentially anonymous, even to one another; users are able to identify only one another's IP addresses." *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 24.90.139.137*, No. CV 15-7788 (KMW), 2016 WL 1651869, at *3 (S.D.N.Y. Apr. 26, 2016). The subpoena "will allow Plaintiff to obtain the information necessary to serve Defendant with the Complaint

in this action, thereby allowing Defendant to defend [himself] against Plaintiff's accusations. Under these circumstances, Plaintiff's subpoena is entirely proper." *Strike 3 Holdings, LLC v. Doe*, No. CV 17- 9659 (VEC), 2018 WL 2371730, at \*2 (S.D.N.Y. May 23, 2018).

Defendant incorrectly argues that Plaintiff has not made an adequate showing under *Arista* to survive a motion to quash. This stems from a misreading of the Second Circuit's holding in *Arista* and a reliance on anomalous cases. Defendant erroneously claims that his privacy interest outweighs Plaintiff's interest in bringing this suit and that Plaintiff has failed to state a prima facie claim for copyright infringement. Each contention is plainly contradicted by the Second Circuit in *Arista*. For the following reasons, Plaintiff respectfully request this Court deny Defendant's Motion to Quash Plaintiff's subpoena.

## II.   <u>FACTS</u>

Plaintiff owns the intellectual property to the award-winning adult motion pictures released under the *Blacked*, *Blacked Raw*, *Tushy*, and *Vixen* brands. [Declaration of Greg Lansky (CM/ECF 7-1, ¶ 3, 19)]. Strike 3's philosophy is to hold itself above the rest by having higher budgets, higher compensation for its actors and actresses, and higher end productions. *Id.* at ¶¶ 7–8, 11–13, 15. Despite its success, Strike 3 does not rest on its back-catalogue and is continually seeking out new opportunities and ventures to provide subscribers with a better experience. *Id.* at ¶ 15. Plaintiff's business has "raised the bar" for the rest of the industry, "leading more adult studios to invest in better content, higher pay for performers, and to treat each performer like an artist." *Id.* at ¶ 25.

As a result of its higher production and talent costs, Strike 3 is sensitive to the loss of revenue caused by mass copyright infringement. *Id.* at ¶ 22. Despite attempting to mitigate the infringement outside the courts, *see id.* at ¶ 26 (sending thousands of DMCA takedowns to

infringing websites), lawsuits like this have become a necessary option of last resort.  *Id.* at ¶ 27.  Plaintiff understands the delicate nature of these suits and otherwise respects the desire by consumers to keep their content choices private, and thus Plaintiff has put in place protocols, including inviting this Court to implement a protective order, which Plaintiff has respected and will carry out faithfully.  [*See* CM/ECF 7, at 10].

John Doe is accused of downloading, distributing, and hence infringing numerous works owned by Plaintiff across the BitTorrent network.  [*See generally* CM/ECF 1 and accompanying Exhibit "A" listing the works-in-suit].  Plaintiff moved to serve an early subpoena on John Doe's Internet Service Provider for the limited purpose of identifying and serving Defendant (while maintaining his anonymity) in accordance with the Federal Rules of Civil Procedure. [CM/ECF 6, 7].  The Court granted Strike 3's motion on June 26, 2018, [CM/ECF 10], Plaintiff served its subpoena on Defendant's ISP on June 29, 2018, and Defendant moved to quash said subpoena, [CM/ECF 16–18], which makes up the present motion before the Court.

### III.   LEGAL STANDARD

"[T]he party seeking to quash a subpoena bears a heavy burden of proof." *Kirschner v. Klemons*, No. CV 99-4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citation omitted). The Federal Rules of Civil Procedure are clear: courts will only quash or modify a subpoena under six circumstances. *See* Fed. R. Civ. P. 45(d)(3)(A)–(B). Those include whether the subpoena (1) "fails to allow a reasonable time to comply"; (2) requires a non-party to travel beyond certain geographical limits; (3) requires disclosure of privileged materials; (4) subjects a person to "undue burden"; (5) requires disclosure of "a trade secret or other confidential research, development, or commercial information"; or (6) requires disclosure of certain expert opinions. *Id.* "No other grounds are listed." *Crocs, Inc. v. Effervescent, Inc.*, No. CV 06-00605-

PAB-KMT, 2017 WL 3888455, at *2 (D. Colo. Jan. 30, 2017) (collecting cases). "Absent a finding by a court that a valid basis exists to quash a subpoena, the party receiving the subpoena *must comply* with it. *Id.* (collecting cases) (emphasis original).

## IV.   ARGUMENT

### A. Plaintiff Has Demonstrated That the *Arista* Factors Favor Good Cause for Early Discovery

Plaintiff has demonstrated that its Complaint states a prima facie cause of action for copyright infringement and that good cause exists for Plaintiff to serve its third-party subpoena. [*See* CM/ECF 10, at 1 (collecting cases in which early discovery was granted using the standard from *Arista* in other BitTorrent cases)].  Although Defendant argues to the contrary, *Arista* clearly rejects Defendant's arguments.

#### 1.   *Plaintiff's Right to Enforce its Copyrights Outweighs Defendant's Minimal Privacy Interest*

Defendant, without any support, contends that his "legitimate expectation of privacy" should outweigh Plaintiff's need for a third-party subpoena.  [CM/ECF 18, at 8–9].  The weight of precedent is squarely against Defendant.  Indeed, the Second Circuit in *Arista* made clear that "[Defendant's] expectation of privacy for sharing copyrighted [works] through an online file-sharing network [i]s simply insufficient to permit him to avoid having to defend against a claim of copyright infringement."  *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 124 (2d Cir. 2010).[1]

---

[1] As one court has cautioned defendants in similar BitTorrent cases:

In considering whether to make a motion to quash the subpoena or proceed anonymously, Defendant is reminded that the Court has already analyzed the requisite principal factors to determine that such a subpoena should be allowed under *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). Also, in particular, with respect to privacy of one's identity, a "Doe['s] expectation of privacy for sharing copyrighted [works] through an online file-sharing network [is] simply insufficient to permit him to avoid having to defend against a claim of copyright infringement." *Arista Records, LLC*, 604 F.3d at 124. "[T]o the extent

In *Sony*, where *Arista* adopted its five-factor test from, Judge Chin went so far as to hold that "Plaintiffs are . . . entitled to discovery in light of defendants' minimal expectation of privacy." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (citation omitted); *see also Strike 3 Holdings, LLC v. Doe*, No. CV 1:18-02651-AJN, 2018 WL 2229124, at *3 (S.D.N.Y. Apr. 25, 2018) ("[C]ourts in this district have . . . concluded that 'ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material.'") (citation omitted).  Hence, "Plaintiff's interest in learning Defendant's name and address outweighs Defendant's privacy interest."  *Rotten Records, Inc. v. Doe*, 108 F. Supp. 3d 132, 134 (W.D.N.Y. 2015).

### 2. *Plaintiff's Complaint Makes a Sufficient Prima Facie Claim for Copyright Infringement*

"Plaintiff has made out a prima facie claim of copyright infringement." *Strike 3 Holdings*, No. CV 1:18-02651-AJN, 2018 WL 2229124 at *2.  Defendant attempts to argue that Plaintiff's Complaint "pleads facts that are 'merely consistent with' a defendant's liability."  Again, the Second Circuit plainly rejected this argument in *Arista,* finding ample support for plaintiffs' prima facie claims for copyright infringement.

> For example, the allegation that each Doe defendant "has used" file-sharing networks to download and distribute plaintiffs' music is supported by Exhibit A's

---

> that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment." *Id.* at 118.

*Strike 3 Holdings, LLC v. Doe*, No. CV 3: 17-1680 (CSH), 2017 WL 5001474, at *7 n.10 (D. Conn. Nov. 1, 2017).  Given this established precedent, it is unclear how Defendant's argument is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ."  Fed. R. Civ. P. 11(b)(2).

> lists of specific songs found in the respective Doe defendants' file-sharing folders, on the date shown, at the time indicated, on the specified online, peer-to-peer, file-sharing network. The allegation that there was "continue[d]" use is supported by, inter alia, the utter improbability that the songs observed by plaintiffs' investigators in a given Doe defendant's file-sharing folder at a particular time were there only at the precise instant at which they were observed, and not before and not afterwards . . . . The principal assertion made only on information-and-belief is that defendants' copying and/or distribution of plaintiffs' music were without permission. But no more definitive assertion as to lack of permission seems possible when the users remain anonymous.

*Id.* Here too, Plaintiff's Complaint "plainly sets out the copyrighted works at issue and provides comprehensive allegations regarding the manner by which the Defendant copied the various works, including the date and time of the infringement and the IP address and technology used to effect the copying." *Strike 3 Holding*, No. CV 1:18-02651-AJN, 2018 WL 2229124 at *2; [*See generally* CM/ECF 1-1].

As a parting shot, Defendant argues, but fails to develop, that the subscriber to the IP address may not necessarily be the infringer and thus fails under *Twombly*. [*See* CM/ECF 18, at 9 (*quoting In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y.), *report and recommendation adopted sub nom. Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233 (E.D.N.Y. 2012) (granting plaintiff leave to file a similar third-party subpoena)]. *Arista* also foreclosed this argument: "The *Twombly* Court stated that '[a]sking for plausible grounds . . . does not impose a probability requirement at the pleading stage; *it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence*" of infringement. *Arista Records*, 604 F.3d at 120 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (emphasis supplied)).

> [T]he difficulty that the Plaintiff will ultimately have in proving that the individual John Doe Defendant was the one who actually utilized the IP address to commit the accused copyright infringement is not relevant in the context of a motion to dismiss. *Instead, at this time, the Plaintiff merely has to state a plausible claim*. Thus, while it is a reasonable possibility that the Defendant here did not commit any copyright

infringement because another individual did so using his IP address, such as a different family member, visitor, neighbor, or passerby, it is an equally reasonable possibility that the Defendant committed the accused of act.

*Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 2d 367, 375 (E.D.N.Y. 2013) (emphasis supplied). "Quashing the subpoenas would effectively bar the plaintiffs' from obtaining discovery pertinent to that evaluation, and this Court declines to cut off jurisdictional discovery prematurely." *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 348 (D.D.C. 2011). Accordingly, Plaintiff's Complaint passes *Iqbal/Twombly* scrutiny and makes out a plausible prima facie claim for copyright infringement.

### B. Defendant Relies on Information and Cases That Are Either Incorrect, Outliers, or that Actually Support Plaintiff's Request for Early Discovery

#### 1. Defendant's Declaration and Exhibit Contain Incorrect Information

Defendant filed a declaration by its counsel with an attached exhibit containing a random sample of some of the cases filed by Plaintiff in this District. *See* CM/ECF 17 and 17-1. Defendant makes conclusory and misleading allegations based on a cursory review of these cases, attempting to impute some sort of ulterior motive on Strike 3. Defendant's assertions and conclusions are wrong. Specifically, Plaintiff has proceeded to litigation against multiple defendants in this District.[2] And, Plaintiff has resolved its claims with Defendants in dozens of cases in this District. Of the cases Plaintiff has settled, 95% have been negotiated by attorneys

---

[2] *See e.g. Strike 3 Holdings v. John Doe*, 1:17-cv-07343-LLS (S.D.N.Y.); *Strike 3 Holdings v. John Doe*, 1:17-cv-08958-AT-BCM (S.D.N.Y.); *Strike 3 Holdings v. John Doe*, 1:18-cv-00472-DLC (S.D.N.Y.); *Strike 3 Holdings v. John Doe*, 7:17-cv-09666-CS (S.D.N.Y.); *Strike 3 Holdings v. John Doe*, 7:17-cv-09667-VB (S.D.N.Y.); *Strike 3 Holdings v. John Doe*, 1:18-cv-00470-WHP (S.D.N.Y.); *Strike 3 Holdings v. John Doe*, 1:18-cv-01581-ALC (S.D.N.Y.); *Strike 3 Holdings v. John Doe*, 1:18-cv-01592-DLC (S.D.N.Y.); *Strike 3 Holdings v. John Doe*, 7:18-cv-01479-NSR (S.D.N.Y.).

representing defendants.  Importantly, Defendant cannot cite to any allegations of Plaintiff ever

violating a protective order or engaging in improper behavior.[3]

### 2.   The Washington Court Failed to Take Plaintiff's Allegations As True

Defendant relies on an unpublished minute order from the Western District of

Washington for the assertion that his Internet could have been "spoofed, used without

defendant's consent, or otherwise falsely implicated" and because of that, concludes that Plaintiff

has not alleged a link between Defendant and the infringement to survive a Motion to Dismiss.

*See* CM/ECF 18 at *9.  Essentially, Defendant argues that because a viable defense *may* exist,

Plaintiff should not be allowed to take early discovery to learn Defendant's identity.  This

argument misunderstands the requirement of "plausibility" and has been rejected by nearly every

court in the country.  First, "[a] general denial of liability ... is not a basis for quashing' a

subpoena." *Strike 3 Holdings, LLC v. Doe*, No. 17-CV-9659 (VEC), 2018 WL 2371730, at *2

(S.D.N.Y. May 23, 2018) citing *Voltage Pictures, LLC v. Does 1–5,000*, 818 F. Supp. 2d 28, 35

(D.D.C. 2011).  And, a denial of infringement is not grounds to defeat a motion to dismiss,

particularly when "a court must 'accept as true all of the allegations contained in a complaint."

*Malibu Media, LLC v. John Does 1-11*, No. 12 CIV. 3810 ER, 2013 WL 3732839, at *2

(S.D.N.Y. July 16, 2013).  Here, Plaintiff pled Defendant – and not someone else – infringed its

copyrighted motion pictures.  This argument is plausible because the infringement came from

Defendant's IP address, concerned two dozen works, and occurred throughout the course of

---

[3] Defendant attempts to impute some sort of improper behavior because Plaintiff's Declarant Susan Stalzer [CM/ECF 7-4] resides in Illinois when Plaintiff is based out of Studio City, CA.  Defendant fails to note how Ms. Stalzer's location is in anyway relevant.  All Ms. Stalzer verifies is that Plaintiff's actual motion picture is identical, substantially similar or strikingly similar to the infringing copy of the movie.  At no point has Plaintiff held her out to be an investigator.  Indeed, anyone can look at the two movies side by side and determine they are the same.  Ms. Stalzer's location is irrelevant to her analysis.  Like many companies, Plaintiff has people that work for it throughout the United States and even throughout the world.  It is hardly fair to impute some sort of ill behavior because of it.

several months.  *See* CM/ECF 1-1.  Certainly, it is plausible that the person who pays for his

Internet is the one using his Internet to infringe at such a great rate.

Addressing Defendant's very same argument, the Eastern District of New York found

that "Plaintiff has adequately pled a plausible claim of copyright infringement by providing

sufficient detail as to the acts the John Doe Defendant took in infringing the copyright, including

going to a torrent site; participating in a swarm; and copying a piece of the copyrighted work

identified by a unique hash number." *Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 2d 367,

375 (E.D.N.Y. 2013).  Indeed, Defendant's argument is non-sensical because it requires Plaintiff

to prove its case against him, without even knowing his identity.  "To require [Plaintiff] to prove

that the subscriber more likely than not is the infringer-that is, to meet its ultimate burden of

proof-at the pleading stage would turn the civil litigation process on its head."  *Malibu Media,

LLC v. Doe*, No. CV 13-365 PWG, 2014 WL 7188822, at *5 (D. Md. Dec. 16, 2014).

3.  *Courts Have Addressed Judge Hellerstein's Concerns with a Protective Order*

Defendant's reliance on *Malibu Media, LLC v. Doe*, 2015 WL 4092417 (S.D.N.Y. Jul. 6,

2015) is also distinguishable.  In that case, "Judge Hellerstein denied Malibu's motion to

subpoena a John Doe defendant's ISP, but he did so in the context of determining whether there

was 'good cause' to permit discovery prior to a Rule 26(f) conference … this Court has already

been asked to determine whether Malibu could serve a subpoena on Defendant's ISP prior to a

Rule 26(f) conference, and it held that the answer was 'yes.'"  *Malibu Media, LLC v. Doe*, No.

15-CV-3147 (AJN), 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016).  "Moreover, the fact

that the Court issued a protective order in connection with the subpoena alleviates many of the

concerns Judge Hellerstein identified regarding Malibu's litigation tactics."  *Id; see also Malibu

Media, LLC v. Doe*, No. 15 CIV. 4743 JFK, 2015 WL 5013874, at *1 (S.D.N.Y. Aug. 18, 2015)

(finding a protective order alleviates the concerns raised in Judge Hellerstein's opinion).  Here,

the Court has granted a protective order allowing Defendant to proceed anonymously.  *See* CM/ECF 10.

       4.   *The District Court of Minnesota Opinion Defendant Relies On is an Outlier*

Defendant cites *Strike 3 Holdings LLC v. Doe*, No. CV 18-768 (DSD/FLN), 2018 WL 1924455, at *1 (D. Minn. Apr. 24, 2018) as an example of a case declining to find good cause to issue a subpoena.  However, on appeal from a similar case, the District Court disagreed. "Based on the Court's review, both under a de novo review and the more deferential clearly erroneous or contrary to law standard, the Court finds that consideration of the *Arista Records* factors shows good cause for the early discovery requested by Plaintiff."  *Strike 3 Holdings, LLC, v. Doe*, No. CV 18-774 (DWF/DTS), 2018 WL 4210202, at *3 (D. Minn. Sept. 4, 2018).  This is consistent with the majority of opinions from the District Court of Minnesota.  *See e.g. Strike 3 Holdings, LLC v. Doe*, No. 18-CV-0771 (DWF/HB), 2018 WL 2278110, at *3 (D. Minn. May 18, 2018) (finding good cause to grant discovery under the *Arista* factors); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-777 (JRT/BRT), 2018 WL 2078707, at *1 (D. Minn. May 4, 2018) (same); *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-0778 (PJS/HB), 2018 WL 2278111, at *1 (D. Minn. May 18, 2018) (same).

       5.   *The Recent Ninth Circuit Cases Support Early Discovery in a Copyright BitTorrent Action*

The Ninth Circuit recently issued a pair of rulings addressing (1) the pleading standard for a plaintiff in a copyright BitTorrent action and (2) when a prevailing plaintiff is entitled to attorneys' fees in the same type of action.  In *Cobbler Nevada, LLC v. Gonzales*, No. CV 17-35041, 2018 WL 4055766, at *3 (9th Cir. Aug. 27, 2018) the Ninth Circuit held that a plaintiff, in a BitTorrent copyright infringement action like here, was required to pay attorneys' fees to a prevailing defendant because the plaintiff did not act objectively reasonable when it pursued an

amended complaint against a defendant where "[t]he only connection between [the defendant] and the infringement was that he was the registered internet subscriber and that he was sent infringement notices." *Cobbler Nevada, LLC v. Gonzales*, No. CV 17-35041, 2018 WL 4055766, at *3 (9th Cir. Aug. 27, 2018). The Court further noted that Cobbler Nevada had actually "acknowledged that its independent investigation did not permit identification of 'a specific party that is likely to be the infringer.'" *See Id*. Thus, the Court reached this conclusion *after* the district court permitted the plaintiff to subpoena the ISP for defendant's identifying information, conduct an initial investigation into defendant, and even depose defendant. *See id.* Just a few weeks prior to releasing the *Cobbler* decision, the Ninth Circuit ruled in a similar case that "allow[ing] copyright holders to seek limited discovery from an Internet Service Provider to establish a potential infringer's identity[,]" along with permitting a plaintiff to depose the defendant early in the litigation was "practical" and "sensible[.]" *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1036 and 1038 (9th Cir. 2018).

Indeed, in *Cobbler*, the Ninth Circuit recognized that early discovery, such as what Plaintiff took part in here, is "part of the puzzle" in determining the identity of the infringer and thus such early discovery is wholly appropriate. *Cobbler Nevada, LLC v. Gonzales*, No. 17-35041, 2018 WL 4055766 (9th Cir. Aug. 27, 2018). Thus, the District Court in *Cobbler* **allowed** the subpoena to be issued to the ISP, the ISP to respond and the subscriber to be identified. It was only after the subscriber was identified, and it became clear – in that case - that neither that information nor any other information linked the defendant to the infringement, that the court found it was improper for the plaintiff to continue to pursue claims against that subscriber. That is the reason the Court in *Cobbler* used the words "standing alone" – it is confirming that a plaintiff in a BitTorrent infringement case such as this gets to *at least* identify the subscriber. If

that identity "standing alone" does not support the assertion that the subscriber is the infringer, it may not be proper to proceed with a case – **but the default is that a plaintiff gets to start with that information**.  The only way to get that information is through the subpoena sought by this motion.

Importantly, at this stage of the litigation when Plaintiff does not know Defendant's identity or address, it is impossible to plead any set of facts that would specifically connect Defendant to the infringement beyond simply being the subscriber.  Without knowing who Defendant is, Plaintiff cannot use its evidence to connect Defendant to the infringement.  This is true of nearly every copyright infringement claim based on infringement through the Internet.  However, nothing in *Cobbler* nor *Glacier* would indicate the Ninth Circuit sought to prevent copyright holders from enforcing Internet piracy.  To the contrary, *Glacier* specifically recognizes that a case such as this one is true to the purpose of the Copyright Act.  "Inherent in the Act's purpose is that 'a copyright holder has always had the legal authority to bring a traditional infringement suit against one who wrongfully copies.'  In the Internet Age, such suits 'have served as a teaching tool, making clear that much file sharing, if done without permission, is unlawful[,] and apparently have had a real and significant deterrent effect."  *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1041 (9th Cir. 2018) (internal citations omitted).

As the Northern District of California held, evaluating the impact of *Cobbler* on the early stage of copyright BitTorrent cases, "[w]hile the Court is cognizant that an IP address is not perfectly correlated to the identity of an alleged infringer because it is possible for a third party to use a wireless network with or without the subscriber's permission, it is at least if not more likely that the subscriber is responsible for the alleged infringement in this case where

Plaintiff has isolated 66 separate events where the same IP address was used to infringe its works." *Strike 3 Holdings, LLC v. John Doe Subscriber assigned IP address 67.170.214.219*, No. CV 18-02018-YGR (EDL), *6–7 (N.D. Cal. Sep. 14, 2018) (attached as Exhibit A). Likewise, in this case, Plaintiff has alleged Defendant infringed 24 separate motions pictures spanning several months.  *See* CM/ECF 1-1.

The Northern District of California court further noted that *Cobbler* acts as a procedural safeguard for Defendant *after Defendant is identified*.

> The information provided by [Defendant's ISP] is likely to identify the alleged infringer or help Plaintiff secure the identity of the alleged infringer by asking for the subscriber's help or conducting its own further investigation of who might be using the IP address to access the BitTorrent protocol. The Ninth Circuit's recent decision in *Cobbler Nevada, LLC v. Gonzalez*, 2018 WL 4055766 (9th Cir. Aug. 27, 2018) ensures that Plaintiff will not be able to rely on a bare allegation that Defendant is the registered subscriber of the IP address associated with infringing activity.

*Strike 3 Holdings, LLC v. John Doe Subscriber assigned IP address 67.170.214.219*, No. CV 18-02018-YGR (EDL), *6–7 (N.D. Cal. Sep. 14, 2018) (Exhibit A).

### 6.  In Re: BitTorrent Infringement Actually Allowed for the Subpoena to Move Forward

Finally, Defendant relies on *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 93 (E.D.N.Y.) for, again, the proposition that the subscriber may not be the infringer.  But, importantly, Defendant fails to note that in that case, the Court held "these plaintiffs are allegedly the owners of copyrighted works who should not be left without any remedy … thus, the Court is prepared to grant these plaintiffs limited early discovery, to wit: the names and addresses."  *Id.*  Indeed, like in that case, Plaintiff should not be left without any remedy here.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's

Motion to Quash.

Dated: October 10, 2018                                   Respectfully submitted,

                                                     By: <u>/s/ *Jacqueline M. James*</u>
                                                     Jacqueline M. James, Esq. (1845)
                                                     The James Law Firm, PLLC
                                                     445 Hamilton Avenue
                                                     Suite 1102
                                                     White Plains, New York 10601
                                                     T: 914-358-6423
                                                     F: 914-358-6424
                                                     E-mail: jjameslaw@optonline.net
                                                     *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2018, I electronically filed the foregoing document
with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of
record and interested parties through this system.

                          By:      <u>/s/ *Jacqueline M. James*</u>