**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STRIKE 3 HOLDINGS, LLC,

                    Plaintiff,

         -vs.-

JOHN DOE subscriber assigned IP address
24.104.252.172,

                  Defendant.

18 CV 2648 (VEC)

**REPLY DECLARATION OF**
**RANDALL L. RASEY**

RANDALL L. RASEY, an attorney admitted to practice before the Courts of the State of New York and the Southern District of New York, avers as follows:

1.     I am a partner of Barton LLP, attorneys for the "John Doe" defendant in this action, and make this reply declaration based on my knowledge gained through my work on this action, review of the litigation papers and case file, and review of PACER files and dockets in other cases, in further support of defendant's motion to quash the subpoena issued by plaintiff Strike 3's[1] Subpoena to defendant's ISP seeking disclosure of the true identify of defendant.  A true copy of the Subpoena and the accompanying notice documents, as received by defendant from its ISP, Spectrum, is annexed hereto as Exhibit K.

2.     The focus of this reply declaration is to address and to expand upon the empirical evidence discussed in my prior, moving declaration based on our review of other "John Doe" copyright infringement lawsuits filed by Strike 3 in the Southern District of New York.  As stated, our office reviewed the PACER records for each of the 62 "John Doe" copyright infringement lawsuits filed by Strike 3 in the Southern District of New York that Strike 3's counsel identified in "Plaintiff's Notice of Related Cases" filed in this action on April 23, 2018

---

[1]     Shortened named and defined terms have the same meanings herein as in defendant's moving papers.

(Docket No. 8) (referred to herein as the "Notice").   *See* Declaration of Randall L. Rasey dated September 26, 2018 ("RLR Decl."), at ¶¶ 8-10 and Exh. A thereto.   In its Notice, Strike 3 represented that it was identifying those cases which it had filed in this district based on "near identical allegations against a John Doe Defendant, presently known to [Strike 3] only by his or her IP address".

3.      As discussed below, Strike 3's Notice underreported the number of near-identical "John Doe" lawsuits it had filed in this district, identifying only 62 of the 99 such cases already existing as of the date the Notice was filed, April 23, 2018.   Since then, Strike 3 has filed 67 more such cases, bringing the total number of its "John Doe" copyright infringement lawsuits in this district up to 166.

### *Strike 3 Mischaracterizes the*
### *Empirical Evidence Relied Upon by Defendant*

4.      First, I note that in Strike 3's opposing memorandum of law ("Pl. Memo."), it mischaracterizes the "John Doe" lawsuits reviewed in my moving declaration as "a random sample" and the conclusions drawn from them as "misleading".   Pl. Memo. at 7.   As plainly stated, those cases were not selected at "random" – they include each and every one of the 62 "John Doe" cases from this district that Strike 3 identified in its Notice.   Strike 3 does not suggest any reason why its "John Doe" lawsuits filed in this district would not be representative of its general litigation strategy across the country, or proffer any basis for challenging the conclusions logically drawn from the case dockets.

5.      I accurately reported the status of each case as indicated in the case dockets, and correctly observed that in the large majority of those cases, Strike 3 terminated the case soon after it was able to subpoena the defendant's true identify from his or her ISP, usually without even filing any proof of service of process on the defendant.   Thus, one can reasonably conclude

that Strike 3's litigation strategy is to obtain a quick settlement from the defendant, and that Strike 3 has little interest in prosecuting its lawsuits further after it has identified and, if necessary, obtained service of process on the defendant.

### Strike 3 Has Not Cited Any Instance in Which It Prosecuted a "John Doe" Lawsuit Past the Pleading Stage

6.     Notwithstanding the evidence, Strike 3 disputes that its strategy is based on obtaining quick settlements without substantial litigation activity, claiming that it "has proceeded to litigation against multiple defendants in this District" and dropping a footnote to nine purported exemplary cases.    Pl. Memo., at ¶7, n.2.   But Strike 3 misleadingly fails to acknowledge that none of those cases continued past the pleading stage.

7.     The nine cases cited by Strike 3 as supposed examples of its "proceed[ing] to litigation against" John Doe defendants in this district are highlighted in red in the spreadsheet annexed as Exhibit E hereto (*see* lines numbered 1, 22, 34, 35, 37, 39, 53, 66, and 72), which shows the status of all of Strike 3's 166 "John Doe" cases filed in this district as indicated in their PACER records.  As shown, of the nine cases cited in Strike 3's footnote, only one of them proceeded as far as the defendant's answering the complaint, and a settlement conference has been scheduled in that case.[2]   Seven other cases were settled[3] promptly after Strike 3 filed an amended complaint stating the true name of the "John Doe" defendant.[4]    In the ninth case,

---

[2]      *See Strike 3 Holdings, LLC v. Doe*, 1:18-CV-00472-DLC (Exh. E., at line no. 39).

[3]      For purposes of this analysis, we assume that where Strike 3 filed a Notice of Voluntary Dismissal with Prejudice, it was pursuant to a settlement with the defendant.

[4]      *See Strike 3 Holdings, LLC v. Doe*, 1:17-CV-07343-LSS; *Strike 3 Holdings, LLC v. Doe*, 7:17-CV-09666-CS; *Strike 3 Holdings, LLC v. Doe*, 7:17-CV-09667-VB; *Strike 3 Holdings, LLC v. Doe*, 1:18-CV-00470-WHP; *Strike 3 Holdings, LLC v. Doe*, 7:18-CV-01479-NSR; *Strike 3 Holdings, LLC v. Doe*, 1:18-CV-01581-ALC; *Strike 3 Holdings, LLC v. Doe*, 1:18-CV-01592-DLC (Exh. E., at line nos. 1, 34, 35, 37, 53, 66, and 72).

Strike 3 moved by order to show cause for a default judgment, before discovering that it had served its summons and amended complaint at an incorrect address.[5]

8.    As the PACER records plainly show, Strike 3 has not prosecuted a single "John Doe" lawsuit past the pleading stage in this district – or, to our knowledge, in any other district. As discussed below, once Strike 3 obtains an *ex parte* order for leave to subpoena the John Doe's true identify from the ISP, it either persuades the defendant to pay a settlement or, as more often happens, decides the case is not worth the trouble to prosecute.  There is no indication in any of the case dockets that Strike 3 has conducted any discovery in any of its "John Doe" lawsuits.[6]

*In Nearly Two Out of Three Cases in Which*
*the Court Allows Strike 3 to Discover the Subscriber's*
*Identity, Strike 3 Voluntarily Dismisses the Case Without a Settlement*

9.    Because some of the "John Doe" cases cited by Strike 3 were not disclosed in Plaintiff's Notice, we conducted a PACER search of all lawsuits filed in this district by Strike 3 against a "John Doe" defendant, and found 166 such cases (including this case).  The cases are identified in Exhibit E hereto, listed in chronological order of their filing dates.

10.   As indicated in Exhibit E, by the time Plaintiff's Notice of Related Cases was filed on April 23, 2018, Strike 3 had already filed 99 "John Doe" copyright infringement lawsuits in this district.   Strike 3's Notice identified only 62 cases (including this case), underreporting the actual number by more than one third.  Since April 23, Strike 3 has filed an additional 67 "John Doe" lawsuits in this district, bringing the total up to 166 cases.

---

[5]      *See Strike 3 Holdings, LLC v. Doe*, 1:17-CV-08958-AT-BCM (Exh. E., at line no. 22).

[6]      As discussed in my moving declaration, in the case in the Western District of Washington in which the "John Doe" defendant served discovery demands on Strike 3, it appears that Strike 3 just ignored them, prompting a still-pending motion to compel Strike 3 to provide discovery. *See* RLR Moving Decl., at 11-14 and Exh. B thereto.

11.    Of those 166 "John Doe" lawsuits, Strike 3 has voluntarily dismissed 107 of them, pursuant to either a notice of settlement, a notice of voluntary dismissal with prejudice, or a notice of voluntary dismissal without prejudice.  Presumably, Strike 3's filing of a notice of voluntary dismissal with prejudice indicates the case was settled, whereas the filing of a notice of voluntary dismissal without prejudice indicates the dismissal is for a reason other than settlement, and we make those assumptions for purposes of this motion.

12.    As shown in Exhibit E, of the 107 cases that Strike 3 has voluntarily dismissed, only 38 of them were dismissed with prejudice and/or pursuant to a notice of settlement, while 69 were dismissed without prejudice indicating no settlement.  In all but three of those 69 cases, the Court had granted Strike 3's motion for leave to subpoena the defendant's true identify from the ISP and the subpoena was not quashed.  Thus, of the 104 voluntarily dismissed cases in which Strike 3 was permitted to obtain the defendant's true identify, slightly more than one third of them (38 out of 104) were quickly settled.  In nearly two thirds of those cases (66 out of 104), Strike 3 apparently chose not to prosecute them for reasons other than having settled them.  Of the 59 open cases, Strike 3 has not yet prosecuted any of them past the pleading stage.

### Other Motions Filed in This District to Quash Strike 3's Subpoenas

13.    In my moving declaration, I stated incorrectly that "[i]t appears that no 'John Doe' defendant sued by Strike 3 in this district had filed a timely motion to quash Strike 3's subpoena to discovery his or her true identity from the ISP, until now."  RLR Decl., at ¶10.[7]  In fact, there were at least two such motions filed, one of which was in a case pending before this Court.

---

[7]    I did note that a John Doe defendant had moved *pro se* to quash Strike 3's subpoena after the ISP had already complied with the subpoena, and that the motion remains pending.  *See* RLR Decl., at ¶ 9; *Strike 3 Holdings, LLC v. Doe*, 18-cv-00476-PGG.

14.     In *Strike 3 Holdings, LLC v. John Doe,* 17-CV-9659 (VEC), the defendant, proceeding *pro se* and anonymously as "John Doe", filed a request to quash the subpoena issued to her ISP, stating that she was "a 75 year old lady" and "innocent of file sharing", and contending that the subpoena would allow "pornographers access to my computer".   This Court denied the motion, noting that the subpoena sought only the defendant's name and address, and finding that the defendant had not made a sufficient showing of her privacy interests to establish standing. *See* 2018 WL 2371730 (S.D.N.Y. May 23, 2018).

15.     In *Strike 3 Holdings, LLC v. John Doe*, 17-CV-8956 (AKH), however, the defendant's motion to quash Strike 3's subpoena was made through counsel and fully briefed by both sides.   Judge Hellerstein granted the motion and quashed Strike 3's subpoena to the defendant's ISP, on the ground that "[b]y failing to identify which copyrighted materials [Strike 3] owns, and which materials Defendant infringed on, the Complaint fails to contain sufficient factual matter to 'state a claim to relief that is plausible on its face'" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A true copy of Judge Hellerstein's Order, dated March 8, 2018, is annexed hereto as Exhibit F.

16.     Since then, Judge Hellerstein has denied Strike 3's motions for leave to subpoena the ISP in two other cases, *Strike 3 Holdings, LLC v. Doe*, 18-CV-5588 (AKH), and *Strike 3 Holdings, LLC v. Doe*, 18-CV-5592 (AKH), on the same ground, ruling in both cases that Strike 3's complaint "fails to contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'"   True copies of Judge Hellerstein's Orders denying Strike 3's motions in each case, both dated July 23, 2018, are annexed hereto as Exhibits G and H.

17.     Notably, Strike 3 chose not to challenge any of Judge Hellerstein's orders in those cases.  Instead, it promptly filed a notice of voluntary dismissal without prejudice in each case after Judge Hellerstein ruled against it.

18.     In fact, it appears that Strike 3 has adopted a policy of dismissing any "John Doe" copyright infringement lawsuit that might be assigned to Judge Hellerstein, rather than risk additional negative rulings.  Most recently, after a "John Doe" lawsuit filed by Strike 3 on August 11, 2018 was assigned to Judge Hellerstein, Strike 3 did not even move for leave to subpoena the ISP, and instead just filed a notice of voluntary dismissal without prejudice.  A true copy of the PACER docket report for that case, Docket No. 18-CV-07267 (AKH), is annexed hereto as Exhibit I.

***Settlement of Strike 3's "John Doe" Lawsuit***
***Filed in the Northern District of California***

19.     Plaintiff attaches as Exhibit A to its opposing memorandum of law a decision issued on September 14, 2018 by a Magistrate Judge in the Northern District of California in *Strike 3 Holdings, LLC v. Doe*, N.D. Cal., 18-CV-09019, denying the defendant's motion to quash Strike 3's subpoena to its ISP.  That case was settled within a few days of that decision, with the defendant paying Strike 3 the sum of $14,001 to end the case.  A true copy of the Plaintiff's Notice of Acceptance of Offer of Judgment filed in that case on September 20, 2018, as obtained from the PACER case file, is annexed hereto as Exhibit J.

***Conclusion***

20.     As shown above, Strike 3 has been misusing the federal courts in this district as a tool to ferret out the true names and addresses of anonymous internet users whom it can threaten with costly, potentially embarrassing litigation in order to extract quick settlements.  If a quick settlement cannot be had, then Strike 3 quickly drops the case and moves on, showing zero

interest in actually vindicating its claimed intellectual property rights through litigation.  That Strike 3 walks away from nearly two thirds of the cases in which courts have allowed it to discover the "John Doe" defendant's true identity demonstrates that Strike 3's position that discovery of a subscriber's true identity is likely to lead to evidence to support its infringement claim has no merit.

21.     For these reasons, and for all of the reasons presented in the accompanying Reply Memorandum of Law and in our moving papers, I respectfully submit that Strike 3 has not stated a plausible claim against the "John Doe" defendant in this case and is not entitled to discover defendant's true identity.  Therefore, Strike 3's subpoena to defendant's ISP should be quashed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 17, 2018, at New York, New York.

Randall L. Rasey