| UNITED STATES DISTRICT COURT | USDC SDNY |
| SOUTHERN DISTRICT OF NEW YORK | DOCUMENT |
| | ELECTRONICALLY FILED |
| | DOC #: |
| | DATE FILED: 1/2/2019 |

------------------------------------------------------------X
STRIKE 3 HOLDINGS, LLC,

                     Plaintiff,

          -against-

JOHN DOE, subscriber assigned IP address
24.104.252.172,

                     Defendant.
------------------------------------------------------------X

18-CV-2648 (VEC)

MEMORANDUM
OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiff Strike 3 Holdings, LLC has sued Defendant John Doe, who has been identified only by his alleged Internet Protocol ("IP") address, 24.104.252.172, for direct copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.* *See* Compl., Dkt. 1. Defendant moves to quash a third-party subpoena that Plaintiff has served on Defendant's Internet Service Provider ("ISP") in order to obtain Defendant's name and address. *See* Def.'s Notice of Mot., Dkt. 16. For the following reasons, Defendant's motion to quash is DENIED.[1]

## BACKGROUND

Plaintiff holds the copyrights for numerous "adult motion pictures," which Plaintiff distributes through subscription-based websites and DVDs. *See* Compl. ¶¶ 2, 13. Plaintiff alleges that Defendant has downloaded and distributed portions of at least 23 of Plaintiff's motion pictures. *See id.* ¶¶ 4, 25, 36; Declaration of Tobias Fieser ("Fieser Decl."), Dkt. 7, Ex. B, ¶ 7. Plaintiff alleges that these works are registered with the United States Copyright Office and that Defendant obtained and distributed them without Plaintiff's authorization. *See*

---

[1]       Plaintiff also moves for leave to file a sur-reply in further opposition to Defendant's motion to quash. *See* Pl.'s Ltr. Mot. (Nov. 27, 2018), Dkt. 23. Because the Court would deny Defendant's motion to quash regardless of Plaintiff's sur-reply, the Court need not decide whether a sur-reply is appropriate.

1

Compl. ¶¶ 31, 37.  According to Plaintiff, Defendant downloaded and distributed the works through the BitTorrent platform, a "peer-to-peer" system that enables users to transmit digital files directly to and from one another.  *See id.* ¶¶ 4, 17, 23, 27.

Plaintiff has identified Defendant only through his IP address.  *See id.* ¶ 5.  Plaintiff alleges that its investigator, IPP International U.G. ("IPP"), established contact with Defendant's IP address through the BitTorrent system and downloaded from that IP address several digital movie files.  *See id.* ¶¶ 24–25; Fieser Decl. ¶¶ 7–9.  One of Plaintiff's employees subsequently viewed the downloaded movie files side-by-side with Plaintiff's copyrighted movies and determined that the two sets of works were "identical, strikingly similar, or substantially similar."  Declaration of Susan B. Stalzer ("Stalzer Decl."), Dkt. 7, Ex. D, ¶¶ 7–10.  IPP also determined "through its ancillary worldwide BitTorrent surveillance program" that Defendant's address "is associated with significant long-term BitTorrent use."  Fieser Decl. ¶ 12.

Because Plaintiff can identify Defendant only through his IP address, Plaintiff previously moved this Court for leave to subpoena Defendant's name and address from his ISP in advance of a Rule 26(f) conference, pursuant to Federal Rule of Civil Procedure 26(d)(1).  *See* Pl.'s Notice of Mot., Dkt. 6.  The Court granted Plaintiff's motion to serve the subpoena and imposed several conditions as part of a protective order.  Those conditions include that:  Defendant can proceed anonymously in this action as "John Doe" until the Court orders otherwise; Plaintiff may not initiate settlement discussions with Defendant prior to service of the Complaint; Plaintiff's subpoena may seek only the name and address of Defendant (not Defendant's telephone number or email address); and if Defendant moves to quash the subpoena, Defendant's ISP may not disclose Defendant's name and address to Plaintiff until the motion to quash is resolved.  *See* Order (June 26, 2018), Dkt. 10.

Plaintiff served the subpoena on Defendant's ISP on June 29, 2018. *See* Reply Decl. of Randall L. Rasey ("Rasey Reply Decl."), Dkt. 21, Ex. K. On September 26, 2018, Defendant moved to quash the subpoena. *See* Def.'s Notice of Mot., Dkt. 16.

## DISCUSSION

Federal Rule of Civil Procedure 45 allows a party to serve a subpoena for the production of documents and other information from a non-party. *See* Fed. R. Civ. P. 45(a)(1). Pursuant to Rule 45(d), the subpoena recipient may move to quash or modify the subpoena if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). "[T]he burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); *see also John Wiley & Sons, Inc. v. Doe Nos. 1–30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012). The same standards apply when a person other than the subpoena recipient moves to quash the subpoena. *See Malibu Media, LLC v. Doe*, No. 15-CV-3504, 2016 WL 4444799, at *5–6 (E.D.N.Y. Aug. 23, 2016) (collecting cases).

Defendant's primary ground for quashing Plaintiff's subpoena is that Plaintiff has not "alleged a sufficient link between Defendant and the IP address at issue." Def.'s Mem. of Law, Dkt. 18, at 9 (quoting *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 73.225.38.130*, No. 17-CV-01731, Minute Order (W.D. Wash. June 6, 2018)). Specifically, Defendant argues that other individuals could have used his IP address to download Plaintiff's copyrighted movies without Defendant's knowledge and that Plaintiff has offered no allegations to exclude this possibility. *See id.* Thus, Defendant argues, because Plaintiff has failed to state a

3

plausible claim for relief that would withstand a motion to dismiss, Plaintiff's subpoena should be quashed. *See id.* at 9–10.

Defendant's arguments are not appropriately considered at this juncture. It is well-established that "the merits of [a party's] case are not relevant to the issue of whether [the party's] subpoena is valid and enforceable." *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1–4577*, 736 F. Supp. 2d 212, 215–16 (D.D.C. 2010); *see also Handbook of Fed. Civ. Disc. & Disclosure* § 1:30 (4th ed. 2018) ("[D]iscovery should not be denied because it relates to a claim or defense that is being challenged as insufficient."); *Voltage Pictures, LLC v. Does 1–5000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of liability . . . is not a basis for quashing" a subpoena). Rather, a subpoena may seek any information that is "relevant to [a] party's claim or defense," regardless of the merits of those claims or defenses. Fed. R. Civ. P. 26(b)(1); *see also Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010); *During v. City Univ. of New York*, No. 05-CV-6992, 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006); 9 *Moore's Federal Practice: Civil* § 45.03 (2018). Put differently, a subpoena may seek information on "any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *1 (E.D.N.Y. May 11, 2010) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)); *see also MacCartney v. O'Dell*, No. 14-CV-3925, 2018 WL 5023947, at *2 (S.D.N.Y. Oct. 17, 2018) ("It is well-established within this Circuit that the rule of discovery will be satisfied if there is 'any possibility' that the information sought to be obtained may be relevant to the subject matter of the action." (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991))); 6 *Moore's Federal Practice: Civil* § 26.42

4

("[D]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on claims and defenses of the parties.").

Applying these principles, Plaintiff's subpoena clearly seeks relevant information. First, obtaining Defendant's name and address will enable Plaintiff to serve Defendant with the Complaint and a summons. That, in turn, will allow Defendant to file a motion to dismiss, if he chooses, in which he can raise the arguments that he attempts to raise here. *See* Fed. R. Civ. P. 12(b)(6). Additionally, obtaining Defendant's name and address will allow Plaintiff to investigate whether individuals other than Defendant had access to Defendant's IP address. As another court in this District stated when addressing a similar argument:

> To be sure, there is a "risk of false positives," in that [Plaintiff] cannot say with *certainty* that Defendant was the infringer, but identifying Defendant is a necessary step in making that determination. And as other courts have recognized, Defendant will be free to argue that he was not the actual infringer at "the appropriate time" in this litigation.

*Malibu Media, LLC v. Doe*, No. 15-CV-3147, 2016 WL 5478433, at *4 (S.D.N.Y. Sept. 29, 2016) (citations omitted) (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012), and *Malibu Media, LLC v. Doe*, No. 15-CV-2624, 2015 WL 6116620, at *4 (S.D.N.Y. Oct. 16, 2015)). Following this reasoning, district courts in this Circuit have repeatedly allowed copyright holders to subpoena ISPs to obtain the identity of the subscriber of an IP address associated with infringing activity. *See, e.g.*, *id.* at *4; *Malibu Media, LLC v. Doe*, No. 14-CV-4808, 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016) ("[W]hether Defendant ultimately has meritorious defenses to Plaintiff's claims is not relevant for purposes of the instant motion to quash or Plaintiff's ability to obtain the discovery sought in the . . . Subpoena." (collecting cases)); *Malibu Media, LLC v. Doe*, No. 15-CV-3504, 2016 WL 4444799, at *8 (E.D.N.Y. Aug. 23, 2016) ("[T]he possibility that a third party downloaded and distributed the copyrighted works, as opposed to the Internet subscriber himself, does not preclude a finding that

5

the plaintiff has established a *prima facie* claim of copyright infringement." (collecting cases)); *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 24.90.139.137*, No. 15-CV-7788, 2016 WL 1651869, at *4 (S.D.N.Y. Apr. 26, 2016) ("Defendant's argument that another party is responsible for the infringing conduct may be advanced later as a defense, but it does not constitute a reason to quash the subpoena, because '[o]btaining [Defendant's] contact information is the logical first step in identifying the correct party.'" (quoting *Malibu Media, LLC v. Doe*, No. 15-CV-1834, 2015 WL 4403407, at *3 (S.D.N.Y. July 20, 2015))); *Malibu Media, LLC v. Doe*, No. 15-CV-2624, 2015 WL 6116620, at *2 (S.D.N.Y. Oct. 16, 2015); *Malibu Media, LLC v. John Does 1–11*, No. 12-CV-3810, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013).

Defendant points to a case recently decided by the Ninth Circuit, *Cobbler Nevada, LLC v. Gonzalez*, that he asserts supports his position that the subpoena should be quashed. *See* Def.'s Mem. of Law at 3 (citing *Cobbler Nevada, LLC v. Gonzalez*, 901 F.3d 1142 (9th Cir. 2018)). In that case, a copyright holder sued for infringement but offered no evidence that the defendant was the infringer other than the fact that the defendant was the registered subscriber of an IP address associated with infringing activity. *See Cobbler Nevada*, 901 F.3d at 1145. The district court dismissed the complaint for failure to state a claim, and the Ninth Circuit affirmed, holding that a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer," because other individuals could have used the IP address. *Id.*[2] The district court, however, considered this argument in the context of a motion to dismiss, not a motion to quash a subpoena. *See id.* In fact, prior to ruling on the motion to dismiss, the district court allowed the plaintiff to subpoena the defendant's ISP

---

[2] In particular, the court noted that the IP address, while registered in the defendant's name, was the internet service of an adult care home, where numerous residents and visitors had access to it. *See* 901 F.3d at 1145.

6

to obtain the defendant's name—just as Plaintiff has done here.  *See id.*  Accordingly, following *Cobbler Nevada*, district courts in the Ninth Circuit have continued to allow plaintiffs to subpoena ISPs for defendants' contact information, reasoning that the defendants' defenses to the claims are more properly resolved during a later-stage motion to dismiss.  *See, e.g.*, *Strike 3 Holdings, LLC v. Doe (70.95.96.208)*, No. 18-CV-2720, 2018 WL 6649504, at *3 (S.D. Cal. Dec. 18, 2018); Pl.'s Resp. Mem. of Law, Dkt. 19, Ex. A (citing *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 67.170.214.219*, No. 18-cv-02019, Doc. 29, at 6 (N.D. Cal. Sept. 14, 2018)).[3]

Defendant also argues that Plaintiff's subpoena would unfairly intrude on his reasonable expectation of privacy in the legitimate use of the internet.  *See* Def.'s Mem. of Law at 8; Def.'s Reply Mem. of Law at 2.  The Court disagrees.  "The privacy claimed here is not for the information that the computer owner or user wishes to share but rather for his or her identity." *Arista Records*, 604 F.3d at 124 (2d Cir. 2010).  Under the law of this Circuit, Defendant's privacy interest in withholding his identity from Plaintiff is not sufficient "to permit him to avoid having to defend against a claim of copyright infringement." *Id.*

This principle applies with added force here, inasmuch as Defendant allegedly used his IP address to share files via a peer-to-peer platform.  Following the Second Circuit's lead, numerous courts in this District have held that "ISP subscribers have a minimal expectation of privacy in

---

[3] Defendant also argues that another court in this District has repeatedly denied subpoenas to copyright holders on the ground that their complaints failed to raise a plausible inference that the defendant was the infringer. *See* Def.'s Mem. of Law at 9 (citing *Malibu Media, LLC v. Doe*, No. 15-CV-4369, 2015 WL 4092417, at *4 (S.D.N.Y. July 6, 2015)); Rasey Reply Decl. Exs. F, G, H (citing *Strike 3 Holdings, LLC v. Doe (108.46.43.152)*, No. 17-CV-8956, Dkt. 9 (S.D.N.Y. Mar. 8, 2018); *Strike 3 Holdings, LLC v. Doe (68.173.176.105)*, No. 18-CV-5588, Dkt. 8 (S.D.N.Y. July 24, 2018); *Strike 3 Holdings, LLC v. Doe (74.72.254.183)*, No. 18-CV-5592, Dkt. 8 (July 24, 2018)).  This Court does not find those cases to be persuasive.  This Court concurs with the vast preponderance of authority that holds that the merits of a plaintiff's case should not be considered in the context of a motion to quash a subpoena.

the sharing of copyrighted material." *E.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2651, 2018 WL 2229124, at *3 (S.D.N.Y. Apr. 25, 2018) (quoting *Malibu Media, LLC v. John Does 1- 11*, 2013 WL 3732839, at *6). In any event, the Court has already ordered that Defendant may proceed anonymously in this lawsuit until the Court orders otherwise, *see* Order (June 26, 2018), and that order remains in effect.[4]

All of this being said, the Court is not entirely unsympathetic to Defendant's argument. As numerous district courts in this Circuit have pointed out, copyright holders such as Plaintiff are repeat litigants who have, in the past, engaged in "abusive litigation practices," including coercive settlement practices. *Digital Sins, Inc. v. John Does 1–24*5, No. 11-CV-8170, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012); *see also* Declaration of Randall Rasey ("First Rasey Decl."), Dkt. 17, Ex. A (collecting cases); *Malibu Media, LLC v. Doe*, No. 15-CV-4369, 2015 WL 4092417, at *2 (S.D.N.Y. July 6, 2015); *In re Malibu Media Adult Film Copyright Infringement Cases*, No. 15-CV-1855, 2015 WL 3605834, at *3 (E.D.N.Y. June 8, 2015); *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237 (E.D.N.Y. 2012); *Malibu Media, LLC v. Does 1–5*, No. 12-CV-2950, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012). The Court, however, must balance Defendant's privacy right in the legitimate use of the internet against Plaintiff's interests in protecting its copyrighted material from infringement. That interest is not lessened by the salacious content of the material. "[I]n the absence of the ability to subpoena the ISP, the Plaintiff will be unable to identify and serve Defendant, effectively terminating the litigation." *Strike 3 Holdings, LLC*, 2018 WL 2229124, at *2. In the Court's view, that result would be unfair, given the possibility that Defendant has infringed Plaintiff's copyright and caused Plaintiff injury.

---

[4] To the extent that Defendant objects to Plaintiff's subpoena on the grounds of a First Amendment privilege of anonymity, that objection fails for the reasons set forth in *Strike 3 Holdings, LLC*, 2018 WL 2229124, at *2.

The Court believes that its protective order has fairly balanced Plaintiff's and Defendant's interests. The Court has allowed Defendant to proceed anonymously, has ordered Plaintiff not to initiate settlement negotiations until the Complaint has been properly served, and has prohibited Plaintiff from obtaining any information from Defendant's ISP other than Defendant's name and address. *See* Order (June 26, 2018). These measures will enable Plaintiff's lawsuit to move forward, while limiting the risk that Defendant will be unfairly coerced into a settlement. *See Malibu Media, LLC v. John Does 1–5*, 285 F.R.D. 273, 278 (S.D.N.Y. 2012) ("The ability of a John Doe defendant to ensure that his name will not be publicly associated with the case removes much, if not all, of the leverage that a plaintiff would possess to unduly coerce him into settlement."). To the extent that Defendant is not actually responsible for the infringement, his remedy—like that of every other falsely accused civil defendant—is simple: he can move to dismiss. In the meantime, however, Plaintiff is entitled to use a narrow and focused tool of discovery in order to enable its case to proceed.

## CONCLUSION

For all the foregoing reasons, Defendant's motion to quash is DENIED. The Clerk is respectfully directed to terminate the open motions at Dkts. 14, 16, and 23.

**SO ORDERED.**

**Date: January 2, 2019**
**New York, New York**

                                                                    _____
                                                                         **VALERIE CAPRONI**
                                                                         **United States District Judge**