UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                    Plaintiff,<br><br>         -vs.-<br><br>JOHN DOE subscriber assigned IP address 24.104.252.172,<br><br>                    Defendant. | 18-CV-2648 (VEC)<br><br>ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT |

    Defendant, proceeding anonymously as "John Doe", hereby responds, by and through his undersigned counsel, to the allegations in the First Amended Complaint (the "Complaint") of plaintiff Strike 3 Holdings, LLC, as follows:

    1.    Denies the allegations in paragraph 1 of the Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the Complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 3 of the Complaint.

    4.    Denies the allegations in paragraph 4 of the Complaint.

    5.    Admits that the Internet Service Provider ("ISP") known as Spectrum identified defendant as being associated with the referenced Internet Protocol ("IP") address in response to plaintiff's subpoena, and denies the remaining allegations in paragraph 5 of the Complaint.

    6.    Admits the allegations in paragraph 6 of the Complaint.

    7.    Admits the allegations in paragraph 7 of the Complaint.

    8.    Admits that defendant resides within New York State and denies the remaining allegations in paragraph 8 of the Complaint.

9. Admits that defendant or his agent resides or may be found within this district, and denies the remaining allegations in paragraph 9 of the Complaint.

10. Admits, upon information and belief, the allegations in paragraph 10 of the Complaint.

11. Admits the allegations in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of the Complaint.

24. Denies the allegations pertaining to defendant, and denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 24 of the Complaint.

25. Denies the allegations pertaining to defendant, and denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 31 of the Complaint.

32. Denies that plaintiff is entitled to seek any damages or fees from defendant.

33. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 35 of the Complaint.

36. Denies the allegations in paragraph 36 of the Complaint.

37. Denies the allegations in paragraph 37 of the Complaint.

38. Denies the allegations in paragraph 38 of the Complaint.

## COUNT I
## Direct Copyright Infringement

39. Repeats and realleges his responses to paragraphs 1 through 38 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 42 of the Complaint.

43. Denies the allegations in paragraph 43 of the Complaint.

44. Denies the allegations in paragraph 44 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state any valid claim for relief against defendant.

2. Plaintiff's alleged works lack sufficient originality to warrant copyright protection.

3. Some or all of plaintiff's alleged copyrights and copyright registrations are invalid.

4. Plaintiff's claims are barred under the doctrine of misuse of copyright.

5. This Court lacks subject matter jurisdiction over plaintiff's claims, in whole or in part, because plaintiff lacks valid copyright registrations for the allegedly infringed works and/or has not properly or timely registered the works.

6. Plaintiff's claims for statutory damages are unconstitutionally excessive and disproportionate to any actual damages that would have been sustained from the alleged misconduct, in violation of the Due Process Clause.

7. Plaintiff's claims are barred by the doctrine of fair use.

8. Plaintiff's claims are barred by the doctrine of estoppel and unclean hands, in that plaintiff has knowingly permitted or induced the conduct of which it complains.

**WHEREFORE,** defendant, proceeding herein anonymously as John Doe demands Judgment in his favor and against plaintiff Strike 3 Holdings, LLC, as follows:

A. That plaintiff takes nothing by the Complaint, that Judgment be rendered in favor of defendant, and that the Complaint be dismissed with prejudice;

B. For costs of suit including reasonable attorneys' fees under 17 U.S.C. § 505 and as may otherwise be permitted by law; and

C. For such other and further relief as the Court deems just and proper.

Dated: April 8, 2019

**BARTON LLP**

By: _____
Maurice N. Ross
Randall L. Rasey

711 Third Avenue, 14th Floor
New York, NY 10017
(212) 687-6262
mross@bartonesq.com
rrasey@bartonesq.com
*Attorneys for Defendant*