April 25, 2019

The Honorable Judge Valerie E. Caproni
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Re:  **1:18-cv-02648-VEC – Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 24.104.252.172 // Joint Status Letter and Proposed Civil Case Management Plan and Scheduling Order**

Dear Judge Caproni:

There is an Initial Case Management Conference in the above referenced case scheduled for May 3, 2019 at 10:00 AM.  In accordance with the Court's Order dated April 10, 2019 and the Court's Individual Practices in Civil Cases, the parties submit the following status report:

**1.   A brief description of the case, including the factual and legal bases for the claim(s) and defense(s):**

**Plaintiff:** On March 26, 2018, Plaintiff filed its Complaint to permanently enjoin Defendant from directly infringing on Plaintiff's copyrighted works and for damages pursuant to 17 U.S.C. § 504(a) and (c).  Plaintiff has alleged that Defendant used the BitTorrent file distribution network to infringe Plaintiff's copyrights. It is Plaintiff's position that Defendant is a persistent online infringer of Plaintiff's copyrights who copied and distributed twenty-three (23) separate movies owned by Plaintiff.  In compliance with this Court's June 26, 2018 Order, after receiving Defendant's identity and address, Plaintiff's investigation led it to a social media account linked to a number of adult entertainment performers, include one which has performed in Plaintiff's movies.  Defendant has denied these additional allegations.  However, despite Plaintiff's requests for exculpatory evidence and any evidence confirming that those social media accounts do not belong to him, Defendant has not produced any rebutting evidence.

**Defendant:** Defendant denies the allegations in the Amended Complaint in their entirety and asserts plaintiff has wrongly accused defendant of copyright infringement. Defendant denies that the social media accounts identified by plaintiff are accounts controlled by or otherwise linked to him.  Defendant asserts that plaintiff has never had a reasonable basis in law or fact for asserting claims of copyright infringement against him.

**2.   The basis for subject matter jurisdiction:**

This Court has subject jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

**3.   Any contemplated motions:**

**Plaintiff:** None at this time.

**Defendant:**

Defendant anticipates moving for summary judgment and attorneys fees as the prevailing party on claims which are objectively baseless.

**4.     The prospect for settlement:**

The parties have discussed the possibility of settlement but were unable to come to an agreement. It is the parties' belief that a settlement conference would not be beneficial at this time but would be at the close of discovery.

**5.     A statement of all existing deadlines, due dates, and/or cut-off dates;**

See attached Civil Case Management Plan and Scheduling Order.

**6.     A brief description of any outstanding motions;**

There are no motions currently pending before the Court.

**7.     A brief description of the status of discovery and of any additional discovery that needs to be completed;**

To date, the only discovery conducted is the third party subpoena served on the Defendant's ISP for the purpose of obtaining the Defendant's true identity (Only Defendant's name and address were subpoenaed). Plaintiff intends to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses and/or Counterclaims filed by Defendant. In addition to the voluntary initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories or any other form of discovery, Defendant's neighbors, and Defendant's Internet Service Provider.

Defendant intends to take extensive discovery concerning the factual basis for the claims contained in the complaint, including the investigation of those claims by plaintiff and his counsel.

**8.     A statement of the anticipated length of trial and whether the case is to be tried to a jury;**

Plaintiff has demanded a jury trial in its Complaint and anticipates that trial will last 4 days. Defendant agrees that the jury trial will last four days.

**9.     A statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;**

**Plaintiff:** If warranted, Plaintiff anticipates filing both a motion for summary judgment and a motion to exclude expert testimony after the close of discovery.

**Defendant:** Defendant anticipates filing motions for summary judgment and to exclude experts.

10. **Any other issue that the parties would like to address at the pretrial conference; and**

**Plaintiff:** None at this time.

**Defendant:** None at this time

11. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial.**

**Plaintiff:** None at this time.

**Defendant:**

Attached hereto for the Court's review is the parties' Proposed Civil Case Management Plan and Scheduling Order.

Respectfully Submitted,

By: /s/ *Jacqueline M. James*
Jacqueline M. James, Esq.
*Attorneys for Plaintiff*

By: /s/
Randall L. Rasey, Esq.
*Attorneys for Defendant*