JACQUELINE M. JAMES, ESQ.

THE JAMES LAW FIRM
445 HAMILTON AVENUE
SUITE 1102
WHITE PLAINS, NY 10601

T: (914) 358 6423
F: (914) 358 6424
JJAMES@JACQUELINEJAMESLAW.COM
JACQUELINEJAMESLAW.COM

**MEMO ENDORSED**

December 2, 2019

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/03/2019

<u>VIA ECF</u>

The Honorable Judge Valerie Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      **Re: Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 24.104.252.172; Southern District of New York, Case No. 1:18-cv-02648-VEC; Joint Discovery Report**

Dear Judge Caproni:

      The James Law Firm, PLLC represents Plaintiff, Strike 3 Holdings, LLC, in the above referenced matter. And, Barton LLP, represents Defendant, John Doe Subscriber Assigned IP Address 24.104.252.172. On September 30, 2019, this Court entered an order extending the case management deadlines. Dkt. No. 41. In that same order the Court instructed the parties to provide a joint discovery report beginning on November 1, 2019 and thereafter on the first business day of each month.

<u>**Plaintiff**</u>:

      Since the parties filed its last Joint Discovery Report on November 1, 2019, Defendant consented to the Internet Service Provider's (ISP) release of his personally identifiable information included in documents responsive to Plaintiff's subpoena. As the Court may recall, disclosure of a subscriber's personally identifiable information is protected by the Cable Communications Policy Act ("Communications Act") and can only be released with either a Court order or the subscriber's consent. Here, Defendant provided his consent. On November 19, 2019, Plaintiff e-mailed the ISP a copy of its subpoena and Defendant's executed consent form. Additionally, on November 20, 2019, Plaintiff served its subpoena and Defendant's executed consent form on the ISP's registered agent. Plaintiff expects to receive the ISP's response by December 5, 2019.

      The Parties' last Joint Discovery Report advised that on October 30, 2019, Plaintiff sent Defendant a letter outlining numerous deficiencies in Defendant's responses to Plaintiff's discovery requests. Plaintiff has discussed the discovery deficiencies with both Mr. Rasey and Mr. Ross and the need for defendant to clarify his objections and positions in a formal supplemental interrogatory response. For example, Interrogatory No. 3 seeks a list of all devices used in Defendant's home during the relevant period of infringement. Although Defendant provided a response, Plaintiff requested clarification that no category of devices are being withheld from the list on the basis of any objections. If information is being withheld on the basis

of any objection, Plaintiff needs to know so that it may better assess whether a Motion to Compel is necessary. Indeed, in the past defendants have withheld the disclosure of devices on the basis that another individual in the home owns the device. Plaintiff maintains that it is entitled to this information so that it can assess whether it should move to compel disclosure and production thereof.

Simply put, Plaintiff has been unable to determine what, if any, documents are being withheld on the basis of any objection. And, Plaintiff requested this clarification under oath. However, it still has not received formal supplemental responses under oath. To be clear, Plaintiff intends on having its expert image and examine Defendant's hard drives, but prior to doing so, Plaintiff needs confirmation under oath of all relevant devices in existence. If Defense counsel does not respond in full, Plaintiff will schedule a call to chambers to discuss outstanding discovery responses.

**Defendant**:

Defendant has already provided appropriate discovery to plaintiff, and has cooperated with plaintiff's extensive third-party discovery, notwithstanding defendant's privacy concerns, in the hope of bringing this case to a conclusion. Several months ago, defendant provided the written consent required for Twitter to release confidential information in response to plaintiff's subpoena. And as plaintiff's counsel states above, defendant has also provided the written consent required for his ISP to release his confidential information in response to plaintiff's subpoena.

Defendant has also identified his computer, other internet-connected devices, router, and modem in response to plaintiff's interrogatories, and offered to produce his devices for forensic investigation by plaintiff's experts. Plaintiff's counsel has repeatedly declined to do so, and instead has chosen to pursue responses to plaintiff's form interrogatories and document requests which have little relevance to this particular case. Defendant cannot provide information or produce documents that he does not have, and to the extent defendant has objected to certain demands, the objections are amply warranted.

Simply put, after prolonged litigation plaintiff still has not come up with any direct evidence to support its allegations that defendant downloaded its pornographic movies, and has rejected the opportunity to conduct the forensic inspections that would likely finally resolve the case. Defendant has cooperated with plaintiff's counsel's attempts to get the third-party discovery she claims plaintiff needs notwithstanding his legitimate privacy concerns, and has sufficiently and clearly responded to plaintiff's interrogatories and document requests. In particular, defendant has already identified as clearly as possible in his interrogatory responses, under oath, all of the internet-connected devices he owned during the relevant time period.

Very Truly Yours,

| | |
|---|---|
| Jacqueline Marie James<br>The James Law Firm<br>445 Hamilton Avenue, Suite 1102<br>White Plains, NY 10601<br>914 358 6423<br>Fax: 914 358 6424<br>Email: jjameslaw@optonline.net<br>*Attorneys for the Plaintiff* | Maurice Newmark Ross<br>Randall Laurel Rasey<br>Barton LLP<br>711 Third Avenue, 14th Floor<br>New York, NY 10017<br>212-687-6262<br>Fax: 212-687-3667<br>Email: mross@bartonesq.com<br>        rrasey@bartonesq.com<br>*Attorneys for the Defendant* |

> Defendant must certify, not later than **December 10, 2019**, that he has not withheld the identification of any device on the grounds of privilege or on the grounds that another individual in the home owns the device.

SO ORDERED.

*[signature: Valerie Caproni]*

12/03/2019

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

3