UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>   -against-<br><br>JOHN DOE subscriber assigned IP address 24.104.252.172,<br><br>      Defendant. | 18-CV-2648 (VEC)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND <u>PROTECTIVE ORDER</u>** |

  WHEREAS, plaintiff Strike 3 Holdings, LLC and the individual defendant named herein as "John Doe", comprising all of the parties to this action (each referred to individually as a "Party" and collectively as the "Parties"), submit that certain documents and information sought in discovery in this action are or may be or include confidential personal, business, financial, and other information the disclosure of which outside this action would be harmful to one or more of the Parties;

  WHEREAS, the Parties request that this Court issue a protective order to protect the confidentiality of such documents and information;

  WHEREAS, the Parties, through their respective counsel, agree to the following terms; and

  WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

  IT IS HEREBY ORDERED as follows:

  1. This Stipulated Confidentiality Agreement and Protective Order (the "Order") shall govern the treatment of all discovery documents, electronically stored information ("ESI"),

testimony and/or court filings served, filed and/or obtained pursuant to notice, request or subpoena by any Party to this action ("Disclosure Material").

2. Any Party (the "Designating Party") may designate as Confidential the portion of such Discovery Material that the Designating Party reasonably and in good faith believes, after appropriate inquiry, constitutes or contains confidential personal information, personal identifying information of defendant, trade secrets, confidential business or financial information, or other confidential information with respect to which the Party in good faith believes it is entitled to protection from public disclosure under the standards applicable for motions under Federal Rule of Civil Procedure 26(c) and/or this Court's prior Order dated June 26, 2018 (Docket No. 10) (the "June 26, 2018 Order") (the foregoing referred to collectively herein as "Confidential Information").

3. A Designating Party may, in accordance with the provisions of paragraph 2 of this Order, designate Disclosure Material as Confidential Information by affixing the legend "CONFIDENTIAL" on each page of the portion of such document or thing which constitutes or contains Confidential Information, prior to the service, delivery or transmission of a physical copy thereof to any other Party, or, if the Designating Party is not the producing Party, by doing so within five business days of its receipt of the Disclosure Material; or, with respect to ESI or other Disclosure Material in a form such that such legend may not be readily affixed, by notifying all Parties in writing of the CONFIDENTIAL designation whereupon all portable media (*e.g.*, USB drives, external hard drives, DVDs, CDs, etc.) containing such Disclosure Material, and all paper printed therefrom, shall have affixed on it the CONFIDENTIAL legend. All Disclosure Material produced by any Party or non-party to this action shall be treated as

Confidential Information hereunder for a period of five business days following its receipt by each of the Parties, to allow Parties time to review and designate the Disclosure Material.

4. A Party may, in accordance with the provisions of paragraph 2 of this Order, designate deposition or other testimony as Confidential Information by stating on the record during the deposition or other testimony that the particular portion of testimony is being designated as Confidential Information, or, to the extent the Party fails to do so on the record, by providing written notice of the designation to the other Party within ten (10) days after receipt of the deposition transcript. The Party making the designation at the deposition shall be responsible for informing the court reporter in order to have those portions of the deposition transcript and exhibits designated as Confidential Information appropriately marked by the court reporter.

5. In the event a Party determines that Discovery Material which the Party previously produced without designating it as Confidential Information should have been so designated, the producing Party may so notify the other Parties in writing and provide new copies of the Discovery Material bearing the "CONFIDENTIAL" legend pursuant to paragraph 3 of this Order, whereupon the Parties shall treat such Discovery Material as Confidential Information subject to the terms of this Order.

6. Confidential Information so designated hereunder may be used solely for the prosecution and defense of this action and any appeal therefrom and shall not be used for other litigation purpose or any other purpose whatsoever, unless agreed otherwise by the Parties or ordered by the Court.

7. Absent prior written consent of the producing Party or order of the Court, Confidential Information may be disclosed only to:

    a. the Parties to this action, and their principals and employees on a need-to-know basis only;

      b.     the respective outside counsel (including their employees) for the Parties;

      c.     experts or consultants assisting the Parties or their counsel in this action, who have agreed to be bound by this order and have acknowledged same by executing the Consent to Be Bound by Protective Order in the form of Exhibit A hereto;

      d.     the Court, Court personnel, and court reporters involved in the adjudicative process; and

      e.     any person of whom testimony is taken in this action, but only for purposes of such testimony.

8.     The Parties hereby acknowledge and agree that any and all ESI and other Discovery Material obtained by plaintiff from any computer, mobile telephone, or other device ("Devices") owned, provided by, or made available to plaintiff by defendant John Doe constitutes and contains personal, sensitive Confidential Information of defendant which defendant has agreed to disclose to plaintiff solely for purposes of this action and in reliance on plaintiff's promises and agreements hereunder. Plaintiff and its counsel hereby agree and warrant that in the course of inspecting or imaging defendant's Devices for purposes of discovery in this action, they will not delete any file, program, application, or other ESI; will not place any tracking device, cookie, software, program, file, or other ESI on such device; and will not alter or change any aspect of the Device or the ESI stored therein.

9.     Any Party to this action may move the Court, on notice, to rescind another Party's designation of any Disclosure Material as Confidential Information, but only if the Parties are unable to resolve the issue through good faith negotiation without Court intervention. Upon such motion, the Court may review de novo the confidentiality of the Disclosure Material in question. Designation by a Party of any Disclosure Material or portion thereof as Confidential Information shall not be considered determinative of whether such material or information should be deemed

4

confidential, and the Party claiming confidentiality bears the burden of persuasion in any motion challenging a designation of Confidential Information. A Party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and failure to do so shall not preclude a subsequent challenge thereto. During the pendency of any motion or application challenging a Party's Confidential Information designation, the material or information at issue shall remain designated as Confidential Information subject to all the terms and conditions of this Order.

10. In the case of any document filed with the Court that contains Confidential Information so designated under paragraph 3, 4, or 8 hereof, the filing Party shall confer in advance of such filing with the designating Party and the Parties shall comply with the provisions of Section 5(A) of the Individual Practices in Civil Cases of the Hon. Valerie Caproni, U.S.D.J., as revised on November 9, 2019, and/or as may be subsequently revised.

11. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Designating Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Designating Party deems it appropriate to do so.

12. By disclosing Confidential Information or otherwise making Confidential Information available in this action, no Party shall be deemed to have waived or compromised its

right to maintain the confidentiality of such Confidential Information and/or to protection of such Confidential Information from public disclosure, and no other Party shall so contend.

13. Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by any Party of documents or information received by such Party at any time independently of and/or outside the context of this action.

14. Within 30 days of the final disposition of this action, including all appeals therefrom, all recipients of Confidential Information must destroy such material and all copies thereof within its possession, custody, or control and certify same to the Designating Party. Notwithstanding the foregoing, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

15. Each of the Parties hereby agrees to abide by and to be bound by this Stipulated Confidentiality Agreement prior to and pending its approval by the Court, and subject to any further order by the Court.

16. Nothing herein is intended or shall be construed to amend or supersede the Court's June 26, 2018 Order.

17. Upon execution hereof by all Parties' respective counsel, this Order may be submitted to the Court without further notice to the Parties or their counsel.

[CONTINUED ON FOLLOWING PAGE]

SO STIPULATED AND AGREED.

| | |
|---|---|
| **BARTON LLP** | **THE JAMES LAW FIRM, PLLC** |
| By: _/s/_ <br>Maurice N. Ross <br>Randall L. Rasey <br>711 Third Avenue, 14th Floor <br>New York, New York 10170 <br>(212) 687-6262 <br>mross@bartonesq.com <br>rrasey@bartonesq.com <br><br>*Attorneys for Defendant* <br><br>Date: | By: _/s/_ <br>Jacqueline M. James <br>445 Hamilton Avenue, Suite 1102 <br>White Plains, New York 10601 <br>(914) 358-6423 <br>jjames@jacquelinejameslaw.com <br>*Attorneys for Plaintiff* <br><br><br><br>Date: |

SO ORDERED.

_/s/ Valerie Caproni_    12/17/2019

United States District Judge

7

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> JOHN DOE subscriber assigned IP address 24.104.252.172, <br><br> Defendant. | 18-CV-2648 (VEC) <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order (the "Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential Information. I agree to abide by and to be bound by the terms of the Order, and hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising thereunder.

Name: _____

Dated: _____