*Jacqueline M. James, Esq.*

THE JAMES LAW FIRM
445 HAMILTON AVENUE
SUITE 1102
WHITE PLAINS, NY 10601

T: (914) 358 6423
F: (914) 358 6424
JJAMES@JACQUELINEJAMESLAW.COM
JACQUELINEJAMESLAW.COM

February 3, 2020

**VIA ECF**
The Honorable Judge Valerie Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> **Re: Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 24.104.252.172; Southern District of New York, Case No. 1:18-cv-02648-VEC; Joint Discovery Report for February 2020**

Dear Judge Caproni:

The James Law Firm, PLLC represents Plaintiff, Strike 3 Holdings, LLC, in the above referenced matter.  And, Barton LLP, represents Defendant, John Doe Subscriber Assigned IP Address 24.104.252.172.  On September 30, 2019, this Court entered an order extending the case management deadlines.  Dkt. No. 41.  In that same order the Court instructed the parties to provide a joint discovery report beginning on November 1, 2019 and thereafter on the first business day of each month.  This letter is intended to be the parties' joint discovery report for February 2020.

**Plaintiff**:

Since the Parties filed their last Joint Discovery Report, Plaintiff's expert received the forensically sound image of Defendant's hard drive and began examining it.  However, Plaintiff's expert discovered that a USB Drive had been plugged into Defendant's hard drive, and that the USB contained evidence of torrent links.  Plaintiff's expert identified the device as a HP v221w USB Device.  On January 27, 2020, Plaintiff alerted defense counsel of this issue and advised defense counsel that Defendant should have disclosed and produced all devices requested in its request for production.  Specifically, Plaintiff's Request for Production No. 1 sought a forensically sound copy (i.e., a clone) of the hard drive for each of the "computer devices" used at Defendant's address.  And, Plaintiff's requests defined "computer devices" as "any computer device, including any computer laptop or desktop, […] external hard drive, portable hard drive, server, NAS (Network-Attached Storage), USB (thumb) drive, […] or any other electronic device capable of connecting to the internet, downloading media files, or storing electronic data, within your possession and control."  Thus, Defendant's failure to disclose or produce this device constitutes a discovery violation.  This discovery violation is made all the more egregious by the fact that the drive contains evidence of BitTorrent activity.  Accordingly, Plaintiff demanded production of the undisclosed device by no later than February 3, 2020.  Plaintiff also provided Defendant with evidence that this device exists and was connected to Defendant's computer two days before Defendant produced his computer.  On February 2, 2020,

defense counsel e-mail Plaintiff stating that Defendant no longer possesses the HP v221w USB Device and that he "believes that it was a flash drive which belonged to and was returned to his former employer." Today, Plaintiff demanded that Defendant provide, under oath, with: (1) name, address and contact information of Defendant's former employer; (2) date the USB flash drive was returned; (3) the name of the individual who returned the flash drive; and (4) the individual who received the flash drive on behalf of the former employer. As of the time of this filing, Defendant has not provided this information.

On January 10, 2020, Defendant served Plaintiff with Defendant's First Set of Interrogatories and Requests for Production. Plaintiff is in the process of responding to this discovery. That same say, Defendant also served Plaintiff with a Notice for a 30(b)(6) deposition, wherein he unilaterally set the deposition for February 18, 2020 at 10:00 am without conferring with Plaintiff. On January 23, 2020, Plaintiff e-mailed defense counsel designating Plaintiff's in-house counsel, Ms. Jessica Fernandez, as its corporate representative who would testify as to all the 30(b)(6) topics. Additionally, Plaintiff informed defense counsel that Ms. Fernandez was requesting the deposition be conducted through telephonic or other remote means since she was unavailable to travel the week of February 17, 2020. Plaintiff advised that absent a stipulation to hold the deposition telephonically, the deposition date would need to be changed. Plaintiff also proposed the following suitable dates: February 10th – 14th, February 27, February 28, and any time after March 13th. On January 31, 2020, Defense counsel agreed to reschedule Plaintiff's deposition for a date after March 13 since this would allow the parties to resolve the inevitable discovery disputes related to Plaintiff's responses to Defendant's paper discovery. The parties are now discussing the tentative deposition date of March 17 for Ms. Fernandez's deposition. Plaintiff has also requested that Defendant's deposition occur either March 16 or March 18, 2020 so that Ms. Fernandez could be present. Although, as of the time of this filing the parties have not finalized these dates, Plaintiff expects that the parties will agree soon.

**Defendant**:

As we discussed with the Court at the Initial Conference held on May 3, 2019, we expect Plaintiff's forensic examination of Defendant's computer to provide dispositive evidence of whether Defendant used it to download Plaintiff's pornographic movies as Plaintiff alleges. Nevertheless, while Plaintiff has selectively disclosed what is claims to be forensic evidence that a specific HP v221w USB flash drive was plugged into Defendant's computer on a specific date, Plaintiff refuses to disclose whether it found any evidence of its pornographic works on Defendant's computer until it produces its expert report due in June. Thus, Plaintiff appears intent on pursuing full-blown fact and expert discovery rather than trying to resolve this case quickly.

Defendant has cooperated fully in discovery, including by authorizing Twitter's disclosure of his personal information in response to Plaintiff's subpoena and producing his computer and mobile telephone for imaging by Plaintiff. (Plaintiff declined the opportunity to examine Defendant's telephone.) Plaintiff's discovery responses are due on February 10, and we have worked cooperatively with Plaintiff's counsel to schedule the deposition of Plaintiff's Rule 30(b)(6) designee on a mutually convenient date in mid-March, and Plaintiff's deposition of Defendant around the same time..

2

      Counsel's accusation that Defendant has violated his discovery obligations by not having previously disclosed a specific HP v221w USB flash drive purportedly identified by Plaintiff's expert is unreasonable and misleading.  Defendant timely objected to Plaintiff's demands for identification and production of each and every disc, flash drive, and other electronic storage medium possessed or used by him over a 23-month period as overly broad, unduly burdensome, and disproportionate, and expressly limited his responses to his internet-enabled devices such as computers and mobile telephones in his use or possession during the time period alleged in Plaintiff's complaint.  Plaintiff made no further request for identification or production of any electronic storage device, until counsel asked for the referenced USB flash drive four days ago.

      Defendant does not presently have the USB flash drive identified by Plaintiff, which he believes belonged and was returned to his former employer, and is attempting to retrieve it from the former employer for production to Plaintiff.  But in any event, regardless of what Plaintiff speculates might be found on any flash drive or other external storage device, if Defendant used his computer to download Plaintiff's works as alleged, then that evidence would be found in the forensic images obtained by Plaintiff of Defendant's computer.

      Thank you for the Court's consideration.

Very Truly Yours,

| | |
|---|---|
| Jacqueline Marie James | Maurice Newmark Ross |
| The James Law Firm | Randall Laurel Rasey |
| 445 Hamilton Avenue, Suite 1102 | Barton LLP |
| White Plains, NY 10601 | 711 Third Avenue, 14th Floor |
| 914 358 6423 | New York, NY 10017 |
| Fax: 914 358 6424 | 212-687-6262 |
| jjameslaw@optonline.net | mross@bartonesq.com |
| *Attorneys for the Plaintiff* | rrasey@bartonesq.com |
| | *Attorneys for the Defendant* |