*Jacqueline M. James, Esq.*

THE JAMES LAW FIRM  
445 HAMILTON AVENUE  
SUITE 1102  
WHITE PLAINS, NY 10601

T: (914) 358 6423  
F: (914) 358 6424  
JJAMES@JACQUELINEJAMESLAW.COM  
JACQUELINEJAMESLAW.COM

March 2, 2020

**VIA ECF**
The Honorable Judge Valerie Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> **Re: Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 24.104.252.172; Southern District of New York, Case No. 1:18-cv-02648-VEC; Joint Discovery Report for March 2020**

Dear Judge Caproni:

The James Law Firm, PLLC represents Plaintiff, Strike 3 Holdings, LLC, in the above referenced matter. And, Barton LLP, represents Defendant, John Doe Subscriber Assigned IP Address 24.104.252.172. On September 30, 2019, this Court entered an order extending the case management deadlines. Dkt. No. 41. In that same order the Court instructed the parties to provide a joint discovery report beginning on November 1, 2019 and thereafter on the first business day of each month. This letter is intended to be the parties' joint discovery report for March 2020.

**Plaintiff**:

Plaintiff demanded production Defendant's HP v221w USB Device ("Flash Drive") by no later than February 3, 2020. On February 2, 2020, defense counsel e-mail Plaintiff stating that Defendant no longer possesses the Flash Drive and that he "believes that it was a flash drive which belonged to and was returned to his former employer." On February 7, 2020, Plaintiff served a second set of interrogatories which sought: (1) name, address and contact information of Defendant's former employer; (2) date the USB flash drive was returned; (3) the name of the individual who returned the flash drive; and (4) the individual who received the flash drive on behalf of the former employer. On February 7, 2020, Plaintiff again requested the production of the Flash Drive. That same day, defense counsel replied via e-mail that his client had "obtained the flash drive[.]" On February 12, 2020, Plaintiff's counsel received a voicemail from defense counsel, Randall Rasey, wherein he indicated that he received the Flash Drive from his client, plugged it into an offline computer, reviewed it, and discovered that it was empty. On February 13, 2020, Defendant responded to Plaintiff's second set of interrogatories which stated that Defendant "believes he returned the flash drive at issue to his former employer by mail sometime between December 18 and 27, 2019, and then picked it up from his former employer's receptionist on or around February 7, 2020. On February 14, 2020, Plaintiff's counsel received the Flash Drive, and without opening the mailing, forwarded the package to its expert Mr. Patrick Paige. Plaintiff's expert received the Flash Drive on February 17, 2020. Mr. Paige's

examination of all devices is nearly complete, and Plaintiff will produce an expert report by the Court ordered deadline.

With respect to depositions, Plaintiff's in-house counsel, Ms. Jessica Fernandez, is its corporate representative who would testify on March 17, 2020. Plaintiff will take Defendant's deposition the following day. Lastly, Plaintiff intends on serving a subpoena for deposition *duces tecum* on Defendant's former employer for the sole purpose of determining when the Flash Drive was in its possession and what processes, if any, were done on the Flash Drive while it was in its possession. Before serving this subpoena, Plaintiff will send a draft thereof to Defendant so that the parties may first confer on Defendant's privacy issues.

Finally, with respect to Defendant's discovery, on February 10, 2020, Plaintiff served its responses to Defendant's Requests for Production of Documents and Interrogatories. That same day Plaintiff advised that since production involved large electronic files, that it would take time to produce. On February 26, 2020, Plaintiff produced a Google Drive folder which contains some of the documents it agreed to produce. Plaintiff advised that it continue to produce documents on that Google Drive and that it would confirm when production was complete.

**Defendant**:

Defendant agrees with plaintiff's description of the status of the case, except that defendant may not be able to proceed with the deposition of plaintiff's corporate representative on the currently scheduled date unless plaintiff's document production is substantially complete reasonably in advance of the deposition. As of today, plaintiff's document production remains incomplete. In addition, as of this date, plaintiff has not disclosed to defendant the results of its forensic examination of defendant's computers and electronic devices, including whether the examination of the computers supports plaintiff's claim that defendant downloaded infringing materials, which defendant continues to deny.

**Plaintiff's Reply:**

Plaintiff has produced voluminous documents for its 30(b)(6) witness and will continue to produce documents. The Defendant has not sent a deficiency letter or attempted to narrow its document requests, even though the Defendant's document request where in  large measure not seeking relevant discovery and were aimed to harass and burden requesting all types of company records that have nothing to do with defendant's alleged infringement. Plaintiff has or will produce all responsive properly requested documents.
Additionally, Plaintiff's witness is flying to New York and the deposition will go forward.

As for Defendant's deposition, he is a fact witness and there is no requirement to produce expert discovery before the defendant testifies. Further, Defendant and counsel have complete access to defendant's devises and computer and can have them looked at by any expert, if they feel the need to vet the content of defendant's devises before the defendant testifies.

Sincerely,

Jacqueline Marie James  
The James Law Firm  
445 Hamilton Avenue, Suite 1102  
White Plains, NY 10601  
914 358 6423  
Fax: 914 358 6424  
Email: jjameslaw@optonline.net  
*Attorneys for the Plaintiff*

Maurice Newmark Ross  
Barton LLP  
711 Third Avenue  
14th Floor  
New York, NY 10017  
212-687-6262  
Fax: 212-687-3667  
Email: mross@bartonesq.com  
*Attorneys for the Defendant*

Randall L Rasey  
Barton LLP  
711 Third Avenue  
14th Floor  
New York, NY 10017  
212-687-6262  
Fax: 212-687-3667  
Email: rrasey@bartonesq.com  
*Attorneys for the Defendant*